UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                          Case No: 2:12-cr-24-FtM-29DNF

WILSON P. LOUIS
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for Post-Conviction Relief (Doc. #49) filed on May 11, 2015. Defendant seeks to vacate his prior convictions, and withhold adjudication on some offense(s) so that he will not be removed from the United States. Defendant states that while he was informed at his guilty plea that he could be removed from the United States, he was not told removal was mandatory and did not appreciate the consequences until he was taken into immigration custody for removal.

On August 29, 2012, Judgment (Doc. #44) was entered, sentencing defendant to 37 months imprisonment on eight federal firearms offenses, the terms to run concurrently, followed by three years of supervised release. Defendant did not file a direct appeal of his convictions, or any post-conviction motions prior to his current Motion for Post-Conviction Relief (Doc. #49). In this

motion, defendant relies upon Florida procedural rules and case law. For the reasons set forth below, the motion is dismissed.

Defendant's reliance upon Florida procedure and case law is unavailing in this case. Florida case law does not govern the procedures in a federal criminal case. The Court, however, reviews a *pro se* defendant's filings liberally, and will therefore discuss potential federal bases for jurisdiction.

Defendant, relying upon Padilla v. Kentucky, 559 U.S. 356 (2010), asserts that while he was told at the time of his guilty pleas that he could be removed from the United States, he was not told this removal was mandatory. He asserts that Padilla is retroactive, and requests a Padilla hearing. Padilla was decided on March 31, 2010; defendant pled guilty on May 22, 2012 (Doc. #34). Thus, there is no question of retroactivity. If there was a Padilla error, defendant could have raised it in a direct appeal.

No relief is available to defendant under 28 U.S.C. § 2255. While defendant's confinement in the immigration detention center does not constitute "custody" for § 2255 purposes, Llovera-Linares v. Florida, 559 F. App'x 949, 951 (11th Cir. 2014), defendant is still on supervised release, which does constitute "custody" under § 2255, United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997) (a § 2255 movant, who was serving his term of supervised release at the time of filing, was "in custody" within the meaning of § 2255). However, by failing to raise the Padilla issue on direct

appeal, defendant has procedurally defaulted the issue and has not shown any lawful excuse for the procedural default in a potential petition under 28 U.S.C. § 2255. Additionally, as defendant notes, the time to file a § 2255 petition has expired, and defendant asserts no basis to toll or extend the time.

Defendant is not eligible to utilize 28 U.S.C. § 2241. Under the savings clause, 28 U.S.C. § 2255(e), a court may entertain a § 2241 petition attacking custody resulting from a federally imposed sentence if the petitioner establishes that the remedy provided for under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The applicability of § 2255(e)'s savings clause is a threshold issue, which imposes a subject-matter jurisdictional limit on § 2241 petitions. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1337-38 (11th Cir. 2013). Defendant has made no such showing.

Because defendant is proceeding *pro se*, the Court must construe his request for post-conviction relief liberally, United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of authority even though none may be identified by defendant, United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), cert. denied, 499 U.S. 979 (1991). The Court has no inherent power to correct even an illegal sentence, but rather must look to the specific parameters of federal statutes and the

Federal Rules of Criminal Procedure.  <u>United States v. Diaz-Clark</u>, 292 F.3d 1310, 1315 (11th Cir. 2002), <u>cert. denied</u>, 539 U.S. 951 (2003).  The Court finds no other basis for jurisdiction to modify or vacate the sentence.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion for Post-Conviction Relief (Doc. #49) is **DISMISSED.**

**DONE and ORDERED** at Fort Myers, Florida, this   5th   day of June, 2015.

*[Signature]*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of Record
Wilson P. Louis